724 F.Supp. 765 (1989)
John T. ALMON, et al., Plaintiffs,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant.
Civ. No. 87-1041-G(BTM).
United States District Court, S.D. California.
September 27, 1989.
Patrick E. Catalano, Alice V. Miller, San Diego, Cal., for plaintiffs.
James Robie, Pamela Dunn, Robie & Matthai, Los Angeles, Cal., for defendant.

MEMORANDUM DECISION AND DECISION
GILLIAM, District Judge.
On March 27, 1989, defendant's motion to dismiss came on for hearing before the Honorable Earl B. Gilliam. Plaintiffs, John T. Almon, et al., were represented by Lynde Selden. Defendant, State Farm Fire and Casualty Company, was represented by James Robie and Pamela Dunn. At the conclusion of the hearing, the court took the defendant's motion to dismiss under submission until it ruled on plaintiff's motion to certify the class. The court denied certifying the class on August 7, 1989. Upon reviewing the oral argument of counsel and the memoranda of points and authorities, the court grants the defendant's motion to dismiss with prejudice as to the breach of fiduciary duty action and the Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO") action. As to the remaining causes of action, defendant's motion to dismiss is denied.

FACTS
Plaintiffs are a group of eighty-eight persons who entered into insurance contracts with State Farm Fire and Casualty Company. Plaintiffs all reside in California, but they reside in fifty-eight different residences. Plaintiffs entered into one of two types of property coverage agreements with defendant. Although plaintiffs each entered into independent insurance contracts with defendant, all of the contracts covered damage to property and the property of each plaintiff was damaged. Presumably, plaintiffs all entered the insurance agreements with defendant on different dates. Plaintiffs submitted to defendant claims to receive insurance proceeds for their damaged property. Defendant refused to pay the claims.
Plaintiffs filed their original complaint on June 25, 1987, in the Superior Court of the State of California, in and for the County of San Diego. The action was removed to his court on July 17, 1987. A second amended complaint on November 28, 1988. The second amended complaint listed seven causes of action:
1. Declaratory relief;

*766 2. Fraud;
3. Breach of contract;
4. Breach of the implied covenant of good faith and fair dealing;
5. Unfair practices;
6. Breach of fiduciary duty; and
7. RICO violations.

DISCUSSION
Defendant has brought this motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In reviewing a Rule 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences that may be drawn from them. NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir.1986). As stated in Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), "a complaint cannot be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."
The court denies the motion to dismiss as to the first, second, third, fourth and fifth causes of action because these were properly and specifically pled. The court will address the remaining causes of action separately.

A. Breach of Fiduciary Duty

A fiduciary relationship has been used to describe any relation existing between parties to a transaction wherein one of the parties is duty bound to act with the utmost good faith for the benefit of the other party. Gibson v. Government Employees Ins. Co., 162 Cal.App.3d 441, 208 Cal.Rptr. 511 (1984). The Gibson court found the relationship between an insurer and an insured to be a fiduciary one with the terms of the duty to be found in the insurance contract.
Other courts have stated that the implied covenant of good faith and fair dealing is a duty fiduciary in nature. Spindle v. Chubb/Pacific Indemnity Group, 89 Cal. App.3d 706, 152 Cal.Rptr. 776 (1979). However, the court in Kanne v. Connecticut General Life Insurance Company, 607 F.Supp. 899 (C.D.Cal.1985), rev. on other grounds, 859 F.2d 96 (9th Cir.1988), construed the Spindle holding to state that while this duty is fiduciary in nature, it does not create a fiduciary relationship. The Kanne decision went on to read that "California law does not recognize an action for breach of fiduciary duty between an insured and an insurer" because the law does not require the insurer to place the insured's interests before its own. Therefore, although the duty between the defendant and plaintiffs is fiduciary in nature, there is no independent cause of action for breach of fiduciary duty. Thus, the sixth cause of action is dismissed with prejudice.

B. The Racketeer Influenced and Corrupt Organizations Act ("RICO") Cause of Action

Plaintiff's seventh cause of action is against both State Farm and individual employees of State Farm for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq. In order to be liable under 18 U.S.C. § 1962(b), a defendant must, 1) acquire or maintain 2) any interest in or control of any enterprise 3) through a pattern 4) of "racketeering activity." The criteria for liability under 18 U.S.C. § 1962(c) is a defendant must 1) participate 2) in the affairs of an "enterprise" 3) through a pattern 4) of "racketeering activity." In addition, § 1962(d) renders a defendant liable for conspiring to violate §§ 1962(b) and (c). However, a corporation and its officers are not capable of civil conspiracy for purposes of RICO. Medallion TV Enterprises v. SelecTV of California, 627 F.Supp. 1290 affirmed 833 F.2d 1360 (9th Cir.1987). Therefore, State Farm and the individual defendants cannot be held liable because the basis of the cause of action is conspiracy. Thus, the seventh cause of action is dismissed with prejudice.
In conclusion, causes of action six and seven are dismissed with prejudice. As to the remaining causes of action, the motion to dismiss is denied.
IT IS SO ORDERED.