HASSARD, BONNINGTON, ROGER & HUBER and Gray, Cary, Ames & Frye

v.

The HOME INSURANCE COMPANY.

No. 90–0059–K(CM).

United States District Court, S.D. California.

April 2, 1990.

---

Jeffrey M. Shohet and Alexander H. Rogers of Gray, Cary, Ames & Frye, San Diego, Cal., for plaintiffs.

Suzanne J. Goulet, Richard B. Wolf, and Robert L. Wallan of Wolf & Leo, Los Angeles, Cal., for defendant.

KEEP, District Judge.

Plaintiff Hassard, Bonnington, Rogers & Huber ("Hassard") and Gray, Cary, Ames & Frye filed the instant complaint in the Superior Court of San Diego County on December 13, 1989, against The Home Insurance Company ("Home"). On January 11, 1990, Home removed the action to this court.

In the complaint, the plaintiffs allege that in 1984 Hassard was served with a summons and complaint and tendered the defense to defendant Home. The plaintiffs allege that Home accepted the tendered defense pursuant to its policy of insurance. The defendant then apparently retained plaintiff Gray, Cary, Ames & Frye for certain work in connection with the defense.

The plaintiffs allege that the defendant has refused to pay for the defense costs which total, including late payment charges, some $160,931.56. The plaintiffs seek damages in this suit under the theories of breach of the implied covenant of good faith and fair dealing, breach of written and oral contract, account stated, open book account, and breach of fiduciary duty.

Defendants move to dismiss the sixth cause of action for breach of fiduciary duty because, they allege, there is no recognized fiduciary duty between an insurer and an insured in California, and therefore no action for the breach of such a duty may lie. Defendants move to dismiss the first, second, and third causes of action on statute of limitations grounds. The defendants move for a more definite statement with regard to the fourth and fifth causes of action in order that they may determine whether those causes of action accrued within the appropriate limitations of actions period.

■■■ I will first deal with the motion to dismiss the sixth cause of action for breach of fiduciary duty. Defendants' motion is brought under rule 12(b)(6) of the Federal Rules of Civil Procedure. In reviewing a rule 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences that can be drawn therefrom, and must construe those facts and inferences in a light most favorable to the non-moving party. *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986); *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 580 (9th Cir.1983). To dismiss with prejudice it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved. *Halet v. Wend Investment Co.*, 672 F.2d 1305, 1309 (9th Cir. 1982).

■■■ The question presented with respect to the sixth cause of action is simply whether California law recognizes the existence of a fiduciary duty between an insurer and an insured. This is a difficult question and one upon which the California Supreme Court never decisively has ruled.

California courts have clearly recognized, on a number of occasions, that the relationship between an insurer and an insured encompasses a number of aspects of a fiduciary relationship. Early cases on this issue, including *Egan v. Mutual of Omaha Insurance Co.*, 24 Cal.3d 809, 169 Cal.Rptr.

691, 620 P.2d 141 (1979), *cert. denied,* 445 U.S. 912, 100 S.Ct. 1271, 63 L.Ed.2d 597 (1980), and *Spindle v. Chubb/Pacific Indemnity,* 89 Cal.App.3d 706, 712, 152 Cal. Rptr. 776 (1979), recognized that the relationship is "fiduciary in nature." The *Egan* Court stated, "The obligations of good faith and fair dealing encompass qualities of decency and humanity inherent in the responsibilities of a fiduciary." *See also Frommoethelydo v. Fire Insurance Exchange,* 42 Cal.3d 208, 228 Cal.Rptr. 160, 721 P.2d 41 (1986) (suggesting the fiduciary-like nature of the relationship between insurer and insured).

Later California cases have even more strongly suggested elements of a fiduciary duty in this relationship. For example, in *Gibson v. Government Employees Insurance Co.,* 162 Cal.App.3d 441, 208 Cal.Rptr. 511 (1984), the court, although recognizing that the California Supreme Court had never ruled on the issue, assumed that the relationship between and insurer and an insured was a fiduciary one. *See also Davis v. State Farm Insurance Co.,* 214 Cal.App.3d 227, 262 Cal.Rptr. 595 (1989). In making this assumption, the *Gibson* court relied upon the decision in *Seaman's Direct Buying Service Inc. v. Standard Oil,* 36 Cal.3d 752, 206 Cal.Rptr. 354, 686 P.2d 1158 (1984), which emphasized the "special relationship" between an insurer and an insured, but which did not hold that this special relationship produced a fiduciary duty. That special relationship was also discussed at some length in *Foley v. Interactive Data,* 47 Cal.3d 654, 254 Cal. Rptr. 211, 765 P.2d 373 (1988), which similarly never referred to the relationship as producing a fiduciary duty.

Despite the seeming trend of cases in California to analogize the insurer—insured relationship to a fiduciary relationship, the cases which have directly addressed this point have held that this relationship does not produce a fiduciary duty. Most recently, in *Henry v. Associated Indemnity,* 217 Cal.App.3d 1405, 266 Cal. Rptr. 578 (1990), the court held that there was no fiduciary duty between an insurer and an insured. The plaintiffs urge that *Henry* should not be controlling because it ignored apposite California Supreme Court authority. This is not the case. The *Henry* court stated "We ... find no support in case law, other than dicta in a few Supreme Court cases, which would support such a theory as to the insurers." The court cited *Egan, Spindle,* and *Frommoethelydo.* Clearly, the court in *Henry* was aware of the California Supreme Court cases which have suggested the fiduciary-like responsibilities of an insurer, but nevertheless held that these fiduciary-like responsibilities did not create a fiduciary duty. This is consistent with the District Court's holding in *Kanne v. Connecticut General Life Insurance Co.,* 607 F.Supp. 899 (C.D.Cal.1985), vacated in part on other grounds, 859 F.2d 96 (9th Cir.1988), *rehearing denied,* 867 F.2d 489 (1988) (*en banc*), *cert. denied,* —— U.S. ——, 109 S.Ct. 3216, 106 L.Ed.2d 566 (1989), which stated "... there is implied within every insurance policy a duty of good faith and fair dealing. While this duty is fiduciary in nature, it does not create a fiduciary relationship." *See also Almon v. State Farm Fire & Casualty Co.,* 724 F.Supp. 765, 766 (S.D.Cal.1989). Although this may seem like mere semantics, it is consistent with the way the California courts have handled this issue in later cases. Indeed, the plaintiff suggests that the court ignore *Kanne* because of the number of times that California court have addressed the issue since that decision. I reject that suggestion for two reasons. First of all, the *Kanne* decision is consistent with the later treatment which California courts have given to this issue. Secondly, *Kanne* is useful because it addresses the issue in a more direct fashion than any of the later California cases, except *Henry.*

The *Kanne* court clearly distinguished the duty of good faith and fair dealing which does exist between an insurer and an insured from the fiduciary duty which does not. The court explained that in an insurance contract "each party is prevented from interfering with the other's right to benefit from the contract." *Kanne,* 607 F.Supp. at 908 (quoting *Miller v. Elite Insurance Co.,* 100 Cal.App.3d 739, 756, 161

Cal.Rptr. 322 (1980)). Were there a fiduciary duty, the insurer "would need to put the insured's interest above its own." *Kanne*, 607 F.Supp. at 908. Judge Gilliam reasoned similarly in *Almon*, quoting *Kanne* for the proposition that no fiduciary duty exists between an insurer and insured because the insurer is not required to put the insured's interest before its own.[1]

■ Thus, when the court in *Egan* stated "[T]he obligations of good faith and fair dealing encompass qualities of decency and humanity inherent in the responsibilities of a fiduciary," *Egan*, 24 Cal.3d at 820, 169 Cal.Rptr. 691, 620 P.2d 141, it was not saying that the insurer *is* a fiduciary, but rather only that it must exhibit those characteristics of humanity and decency which are similar to what is required of a fiduciary. *See* Barker, Glad, & Levy, supra. note 1, at 10. If the courts in *Egan*, and *Seaman's Direct Buying Service* or in the cases which followed those, had meant to say that an insurer *is* a fiduciary, they would have said so.

As best this court can determine, the current state of California law is that the relationship between an insurer and an insured has many of the elements of a fiduciary relationship, but is not an actual fiduciary relationship. In the recent case of *State Farm Fire & Casualty v. Superior Court*, 216 Cal.App.3d 1222, 1226, 265 Cal. Rptr. 372 (1989), the court stated that the relationship is "akin to a fiduciary relationship," noting that "[T]he insurer is bound to conduct itself with the utmost good faith for the benefit of its insured." *Id.* The concurring opinion, in interpreting what the court meant by "akin to a fiduciary relationship," stated that the relationship was a "special" one, which was characterized by elements of "public interest, adhesion, and fiduciary responsibility." *Id.* at 1233 n. 6, 265 Cal.Rptr. 372 (Kremer, J.,

concurring) (quoting *Seaman's*, 36 Cal.3d at 768, 206 Cal.Rptr. 354, 686 P.2d 1158).

I think that this is an accurate characterization of California law on the subject. Between an insurance company and its insured, there is a special relationship as discussed in *Foley*, which gives rise to a cause of action in many instances for breach of the covenant of good faith and fair dealing. However, the California courts have carefully avoided creating an actual fiduciary duty towards insureds.

Because the courts which have directly addressed the issue, particularly the *Henry* court, have specifically held that there is no fiduciary duty between an insurer and an insured, and because despite numerous opportunities the California Supreme Court has not been willing to find the existence of a fiduciary duty between insurers and insureds, I hold that the plaintiff in this action may not maintain an action for breach of fiduciary duty and I therefore dismiss the sixth cause of action for breach of fiduciary duty with prejudice.

[The remainder of the opinion is unpublished]

---

1. This sound logic was explained in some detail in a recent law review article to which both parties refer. That article, Barker, Glad, & Levy, "Is an Insurer a Fiduciary to its Insureds?", *Tort and Insurance Law Journal* Vol. XXV, No. 1 (Fall 1989), points out that the obligations of an insurer and an insured are

coequal. Unlike the relationship between an trustee and a cestui que trust, where the trustee must act for the benefit of the cestui even to the exclusion of its own benefit, an insurer must act only in a way which will not interfere with the insured's right to benefit from its contract.