**EMPLOYERS INSURANCE OF WAU-SAU, a mutual company, formerly known as Employers Mutual Liability Insurance Company of Wisconsin, a Wisconsin corporation, Plaintiff–Appellee,**

**v.**

**ALBERT D. SEENO CONSTRUCTION CO., a California limited partnership; Diablo Construction Company, a California corporation, et al., Defendants–Appellants.**

**No. 88–15657.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 18, 1991.

Decided Sept. 20, 1991.

Robert L. Sallander, Jr. and H. Paul Breslin, Archer, McComas & Lageson, Walnut Creek, Cal., for defendants-appellants.

Dale I. Larson and Robert M. Wattson, Zelle & Larson, Minneapolis, Minn., for plaintiff-appellee.

Before GOODWIN and SNEED, Circuit Judges, and TAYLOR *, District Judge.

TAYLOR, District Judge:

Albert D. Seeno Construction Company ("Seeno") appeals from an order denying its request for a preliminary injunction requiring its insurance carrier to segregate liability claims handling from coverage investigation in a reservation of rights situation. While this issue may have been unsettled at the time of the hearing below, more recent cases show appellant's position is without merit, and we affirm.

## I. BACKGROUND

Seeno is a real estate developer and general contractor which built residential tract housing in and around Contra Costa County, California. From 1975 to 1985 Seeno built several thousand homes in the area, and over 400 homeowners have made claims against Seeno for construction defects and soil movement. Lawsuits have been filed involving some of the homes ("litigated claims"), but the majority of the claims have not reached litigation ("unlitigated claims").

Seeno had comprehensive general liability insurance coverage with Employers Insurance of Wausau, for bodily injury and property damage, that could potentially cover the homeowners' claims. Seeno submitted the claims to Wausau, but a dispute arose over whether the claims were covered by Seeno's policies and over the proper method to handle the claims. Wausau reserved its right to deny coverage.

Seeno exercised its right to engage independent *Cumis* counsel,[1] and brought in the firm of Archer, McComas & Lageson to handle the litigated claims. However, Seeno declined to employ *Cumis* counsel for the unlitigated claims and requested that Wausau handle them.

Wausau retained the law firm of Robins, Zelle, Larson & Kaplan to represent Wausau's interest in all liability and coverage litigation stemming from the homeowner claims. This firm and the insurance company's internal investigators handled both the unlitigated claims involving the homeowners and the coverage dispute involving Seeno. Seeno contends that Wausau has used the investigation and settlement of these unlitigated claims to gather information for the coverage dispute against Seeno.

Wausau brought this action for declaratory relief to determine that there is no coverage for the claims. Seeno counterclaimed, including a request for injunctive relief requiring Wausau to segregate its liability claims handling from its coverage investigation.

During what the trial judge described as an "acrimonious litigation," the parties filed cross-motions to disqualify each other's counsel for claimed breaches of duty to the other side. After a lengthy and careful analysis of some of the same contentions asserted on this appeal, the trial judge denied the motions. *Employers Insurance of Wausau v. Albert D. Seeno Const.*, 692 F.Supp. 1150 (N.D.Cal.1988).

Thereafter, Seeno moved for a preliminary injunction to require Wausau to separate its handling of liability claims from its coverage investigation. At the hearing, the trial judge observed there was no legal authority to support Seeno's contentions and denied the motion.

The order is appealable to this court under 28 U.S.C. § 1292(a)(1) (1982). The grant or denial of a motion for a preliminary injunction is within the discretion of the district court, and the order of the district court will be reversed only if the court relied on an erroneous legal premise or otherwise abused its discretion. *Chalk v. United States*, 840 F.2d 701, 704 (9th Cir.1988). Questions of law underlying a preliminary injunction motion are reviewed

---

* Honorable Gary L. Taylor, U.S. District Judge, Central District of California, sitting by designation.

1. *Cumis* counsel is counsel selected by the insured to represent its interest and paid for by the insurer in a conflict of interest situation.

This right to separate counsel by the insured, which takes its name from *San Diego Navy Federal Credit Union v. Cumis Ins. Society,* 162 Cal.App.3d 358, 208 Cal.Rptr. 494 (1984), has since been codified in Cal.Civ.Code § 2860.

de novo. *Guam Fresh v. Ada*, 849 F.2d 436, 437 (9th Cir.1988).

## II. DISCUSSION

■ Seeno argued in the trial court, and again on this appeal, that California law and insurance industry practice require insurance carriers to segregate their coverage investigations from their liability claims handling. This duty, Seeno argues, arises from a fiduciary duty between an insurer and insured like that between an attorney and client, whereby the insurer must preserve and promote the insured's interests above its own and avoid even the appearance of impropriety. Thus, Seeno asserts, where the carrier reserves its right to assert a coverage defense, it must use different people on the liability side and the coverage side, without exchange of information between them. This court concludes that California law is to the contrary.

The cases relied on by Seeno as mandating file segregation do mention insurers' segregating files. *See Executive Aviation, Inc. v. National Ins. Underwriters*, 16 Cal.App.3d 799, 810, 94 Cal.Rptr. 347, 354 (1971) (practice of segregation unusual); *Travelers Insurance Co. v. Lesher*, 187 Cal.App.3d 169, 183, 231 Cal.Rptr. 791 (1986) (insurance company tried and failed to keep declaratory judgment separate from underlying action), *Betts v. Allstate Ins. Co.*, 154 Cal.App.3d 688, 709, 201 Cal. Rptr. 528 (1984) (both parties involved in accident were insured by the same carrier, commingling of information not permitted). However, as the court below correctly observed, none of these cases, or any other California cases, requires the separation of files.

The ethical conflict that arises when an insurance attorney represents an insured, but coverage is denied, was dealt with in the landmark case of *San Diego Navy Federal Credit Union v. Cumis Insurance Society*, 162 Cal.App.3d 358, 208 Cal.Rptr. 494 (1984). In 1987, the California legislature codified *Cumis* in Cal.Civ.Code § 2860 (West 1988), providing for appointment of separate counsel to represent the insured, at the expense of the insurance carrier, in a conflict situation. Seeno's position here is contrary to the statute, which does not impose a duty to segregate and affirmatively requires disclosure to the insurance carrier of all unprivileged information relevant to the coverage dispute. Cal.Civ.Code § 2860(d).

Although there was no California case authority specifically against Seeno's position at the time of the hearing below, it has come down in the meantime. In late 1989, a California appellate court commented under similar circumstances that the fiduciary-like relation between insured and insurer does not mandate segregation of files. *State Farm Fire & Casualty Co. v. Superior Court (Durant)*, 216 Cal.App.3d 1222, 265 Cal.Rptr. 372 (1989). In *State Farm*, plaintiffs sued for "bad faith" torts and contract breaches for their insurer's failure to adequately defend after accepting the insured's defense under a reservation of rights. The insurer provided *Cumis* counsel and retained other counsel for the declaratory relief action contesting coverage. The insurer also assigned an adjustor who dealt with the insured's counsel, although the adjustor continuously advised that he believed no coverage was available under the policy. This adjustor also was the agent who dealt with the coverage counsel, served in a dual capacity, and maintained only one file. *Id.* at 1225, 265 Cal.Rptr. at 373.

Plaintiffs did not claim specific injury from this dual representation, although they alleged the adjustor did transmit adverse information to coverage counsel. Plaintiffs sought discovery of all information in the adjustor's file for the bad faith action. They argued that the adjuster aiding in the liability defense is the agent of the insured and the insured's *Cumis* counsel, and thus plaintiffs are privileged to see everything in the file. *Id.* at 1226, 265 Cal.Rptr. at 374. The superior court granted the discovery request.

On appeal, Seeno appeared as amicus curiae, urging the same contention made in the present appeal. The Court of Appeals rejected Seeno's argument:

The *Cumis* rule requires complete independence of counsel when an insurance company interposes a reservation of rights, the basis of which creates a conflict of interest. [Insured] requests that we add a layer of separation to this mandate, requiring that not only the counsel involved in the cases but the adjusters assigned to each case (the 'liability' case as distinguished from the 'coverage' case) be separate—that the files on each case be separate and apart—and indeed, as urged by amicus curiae [i.e., Seeno], that a veritable wall be erected between the insurance company's administration of the two cases. We cannot subscribe to this proposition.

*Id.* at 1226, 265 Cal.Rptr. at 374.

The court found that normally, although the adjustor is the agent of the insurer, he may represent both the insurer and the insured. But, when coverage is an issue, the adjustor's loyalty is divided, and the insured cannot expect him to represent the insured's interest. This is the reason, the court noted, that the insured is provided with *Cumis* counsel. *Id.* at 1227, 265 Cal. Rptr. at 375.

The court cited California law to show that, while the relation between the parties is akin to a fiduciary relationship, the protection afforded by that relationship is not unlimited, and the insurer has no duty totally to disregard its own interests. *Id.* at 1226, 265 Cal.Rptr. at 374. The court went on:

The insurance adjuster is the agent of the insurer ... That the adjuster can under particular fact situations become also the agent of the insured is clear, and this most usually will occur when no issue as to coverage arises. Where coverage is in issue, however, it is obvious that the adjuster's loyalties are divided and the insured and his counsel cannot reasonably expect that he represents only the interest of the insured. Indeed, it is to remedy this problem that the concept of the *Cumis* counsel has been created.

The existence of independent *Cumis* counsel adequately protects, we believe, the interests of the insured. In these days of ever-increasing costs in the processing of insurance settlements, we conclude it would be unwise to impose yet another layer of administration.

*Id.* at 1227, 265 Cal.Rptr. at 375 (citations omitted).

The concurring opinion in *State Farm* also rejected Seeno's argument:

The [insured] contends the implied covenant of good faith and fair dealing requires dual adjusters in a *Cumis* situation. Amicus curiae, Albert D. Seeno Construction Company, makes a similar contention, asserting 'several California decisions have recognized the need to segregate the coverage file handling from the liability claims handling.' ... [N]ot only has amicus curiae overstated the scope of existing law, there is nothing in the implied covenant to prohibit an insurer, under the circumstances of this case, in using a single adjuster for both liability and coverage ...

.    .    .    .    .

Because an insurer may appropriately consider coverage questions, and because an insured in a *Cumis* situation will have independent counsel charged with zealously representing solely the insured's interests, I agree with the majority's implicit conclusion that a single adjuster in the circumstances of the case does not violate the implied covenant of good faith and fair dealing.

*Id.* at 1234–35, 265 Cal.Rptr. at 380.

Seeno's argument is undermined by other recent cases. The same court that decided *State Farm* noted in another case that the California Supreme Court has "never squarely held that an insurer is a true fiduciary to its insured," but instead it "has consistently described it as a special relationship." *Love v. Fire Insurance Exchange*, 221 Cal.App.3d 1136, 1147, 271 Cal. Rptr. 246, 252 (1990); *see also Henry v. Associated Indemnity Corp.*, 217 Cal. App.3d 1405, 1418, 266 Cal.Rptr. 578, 586 (1990) (no third-party breach of fiduciary duty claim lies against insurer). Similarly, a federal district court recently held that, "As best this court can determine, the cur-

rent state of California law is that the relationship between an insurer and an insured has many of the elements of a fiduciary relationship, but is not an actual fiduciary relationship." *Hassard, Bonnington, Roger & Huber v. Home Ins.*, 740 F.Supp. 789, 792 (S.D.Cal.1990); *see also Love*, 221 Cal.App.3d at 1149 fn. 7, 271 Cal.Rptr. at 253 fn. 7; *Bennett v. Allstate Ins. Co.*, 753 F.Supp. 299, 302–303 (N.D.Cal.1990) (California Supreme Court has not characterized this relationship as fiduciary).

 Federal courts look to the California Supreme Court for its interpretation of California law. But where that court has not definitively spoken on an issue, the decision of the state's intermediate courts represent data that a federal court must consider in undertaking its analysis. *Air–Sea Forwarder, Inc. v. Air Asia Co., Ltd.*, 880 F.2d 176, 186 (9th Cir.1989). Although the California Supreme Court has "characterized" the insurer-insured relationship as fiduciary,[2] California law seems clear that that relationship does not compel the result plaintiff seeks. These recent decisions by the California courts confirm that the relationship does not require segregation of liability and coverage files.

Seeno cites *Manzanita Park v. Insurance Co. of North America*, 857 F.2d 549 (9th Cir.1988), where the court applied Arizona law and construed an insurer's obligations under an attorney-client concept where the insurer retained an attorney to defend the insured. However, California law, unlike Arizona law, has not equated the insurer-insured status to an attorney-client relationship. Moreover, *Manzanita Park* does not deal with the dual adjuster situation. Finally, in this case the trial court determined on a previous motion that there is *no* attorney-client relationship between each attorney and the opposing party, *Employers Ins. of Wausau*, 692 F.Supp. 1150, 1160–1161, and we concur in that reasoning.

Seeno's argument that most other carriers in the California insurance industry choose to segregate their liability and coverage activities does not establish that it is Wausau's duty to do so. As stated above, the nature of Wausau's duty to its insured does not require such a segregation. The fact that other carriers may choose to segregate does not necessarily arise out of any duty to do so, but may arise from a precautious decision to avoid later complaints of mishandling from the insured.

## III. DISPOSITION

We conclude present California law does not require an insurance carrier to segregate its liability claims handling from its coverage investigation in a reservation of rights situation. We leave it to the California legislature to decide if a change is appropriate. The trial judge committed no error, and we AFFIRM.

---

**2.** *See Egan v. Mutual of Omaha Ins. Co.*, 24 Cal.3d 809, 169 Cal.Rptr. 691, 620 P.2d 141 (1970); *Frommoethelydo v. Fire Insurance Exchange*, 42 Cal.3d 208, 228 Cal.Rptr. 160, 721 P.2d 41 (1986).