21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SHEPARDSON ENGINEERING ASSOCIATES, INC., Plaintiff-Appellant,
v.
The CONTINENTAL INSURANCE COMPANIES, Defendant-Appellee.
 No. 92-56185.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1994.*
Decided April 14, 1994.
 
 Before: TANG, PREGERSON, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Shepardson Engineering Associates ("Shepardson") filed a bad faith action against its general commercial liability insurer, Continental Insurance Company ("Continental") for its failure to defend Shepardson in an action alleging negligent provision of construction-related services. Continental refused to defend Shepardson because the action fell within the professional services exclusion in the policy, and the district court granted summary judgment in favor of Continental. We affirm.
 
 BACKGROUND
 
 3
 This lawsuit arises from property damage from plumbing leaks in an apartment building owned by Continental American Properties, Ltd. and ConAm San Diego Residential Properties Joint Venture (collectively, "ConAm"). ConAm alleged that the plumbing leaks were caused by the faulty construction and design of the plumbing system in the apartment building, including the improper backfilling of pipe trenches. ConAm sued its plumbing contractor, R & B Plumbing, which then filed a cross-complaint for indemnity against Shepardson and numerous other contractors involved in the project for negligent "construction-related services."
 
 
 4
 Continental refused to defend Shepardson under an exclusion in the policy:
 
 
 5
 ENGINEERS, ARCHITECTS OR SURVEYORS PROFESSIONAL LIABILITY
 
 
 6
 * * *
 
 
 7
 This insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of the rendering or failure to render any professional services by or for you, including:
 
 
 8
 1. The preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; and
 
 
 9
 2. Supervisory, inspection or engineering services.
 
 
 10
 Continental stated that the allegations against Shepardson were for "professional liability in the manner in which they conducted their work." Shepardson bore the fees and costs for its defense and reached a settlement with R & B for $2,500.00. Shepardson then brought this action for breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and breach of contract.
 
 DISCUSSION
 
 11
 Under California law,[1] "a liability insurer owes a broad duty to defend its insured against claims that create a potential for indemnity.... Implicit in this rule is the principle that the duty to defend is broader than the duty to indemnify; an insurer may owe a duty to defend its insured in an action in which no damages ultimately are awarded." Horace Mann Ins. Co. v. Barbara B., 17 Cal.Rptr.2d 210, 213 (Cal.1993) (citations omitted). Whether a liability policy provides coverage is determined "by comparing the allegations of the complaint with the terms of the policy. Facts extrinsic to the complaint also give rise to a duty to defend when they reveal a possibility that the claim may be covered by the policy." Id.
 
 
 12
 The district court granted Continental's motion for summary judgment, holding that the cross-complaint fell within the "professional services" exception because Shepardson "was sued because it allegedly performed badly the work for which it was hired." [ER 229.] "[T]he cross-complaint made it clear from the outset that no potential liability existed under the policy issued by the defendant; therefore the defendant insurance company had no duty to defend plaintiff in the indemnity suit." [ER 230.] This court reviews a grant of summary judgment de novo. Jones v. Union Pacific R.R. Co., 968 F.2d 937, 940 (9th Cir.1992).
 
 
 13
 Shepardson argues that the cross-complaint raised the possibility of liability for its actions outside of any professional services provided on the project. First, Shepardson contends that it was uncontroverted that the alleged property damage did not arise from any work performed by Shepardson, and that any potential liability was therefore unrelated to "professional services" provided on the project.
 
 
 14
 This argument confuses the issue of whether Shepardson would in fact be held liable under the cross-complaint (i.e. did Shepardson in fact do anything which contributed to the damage), with whether the actions alleged in the cross-complaint are "professional services." If the cross-complaint sues Shepardson for the negligent performance of its engineering services, the action would fall within the "professional services" exclusion regardless of whether Shepardson in fact performed those services or whether those services in fact caused any damage.
 
 
 15
 The duty to defend would arise in this case only if the cross-complaint included allegations of a breach of a common law duty of care, or some other "general" duty unrelated to the provision of engineering services. See Camp Dresser & McKee, Inc. v. Home Ins. Co., 568 N.E.2d 631, 635 (Mass.App.Ct.1990) (insured's failure to issue warnings regarding dangerous equipment); Gregoire v. AFB Constr., Inc., 478 So.2d 538, 541 (La.Ct.App.1985) (the failure to protect others against unsafe work conditions); In re: Complaint of Stone Petroleum Corp., 961 F.2d 90, 91 (5th Cir.1992) (same); Guaranty Nat. Ins. Co. v. North River Ins. Co., 909 F.2d 133, 135-36 (5th Cir.1990) (failure to maintain a safe and secure hospital environment).
 
 
 16
 Shepardson argues that it was sued "for a failure to be involved in the construction of the plumbing system, outside any contract for services and unrelated to any geotechnical work," and that the cross-complaint contained "broad allegations ... founded upon a general or ordinary duty of [Shepardson], shared by others, to affirmatively act in some manner to prevent the damages to the plumbing." [Opening brief at 13-4.] Shepardson argues that these alleged duties would have been conducted by others who were not engineers, and thus fell outside of the provision of professional services.
 
 
 17
 However, the cross-complaint does not allege a breach of some general duty on the part of the cross-defendants. The cross-complaint alleges damages resulting from construction-related services: that the cross-defendants "knew or should have known of the defects in their plans or recommendations and work of materials"; "failed to properly review, interpret, and analyze said plans and specifications and make recommendations thereon"; and "failed to properly inspect, design, specify, test, investigate, survey, cut, plan, create, fill, compact, select, prepare, install, supervise, construct, repair, replace, or maintain improvements on the real property." [ER 64-71.]
 
 
 18
 This case more closely resembles those cases Shepardson attempts to distinguish, which involve liability for activities done for remuneration or those involving special knowledge or judgment. See Hollingsworth v. Commercial Union Ins. Co., 256 Cal.Rptr. 357, 362 (Cal.App.1989) (professional services exclusion applied to negligent ear piercing); Northern Ins. Co. of New York v. Superior Court, 154 Cal.Rptr. 198, 200 (Cal.App.1979) (exclusion applied to negligent performance of abortion on wrong patient despite mistake by clerk); Antles v. Aetna Cas & Sur. Co., 34 Cal.Rptr. 508, 509 (Cal.App.1963) (exclusion applied to injury of patient during chiropractic treatment); Natural Gas Pipeline Co. v. Odom Offshore Surveys, Inc., 697 F.Supp. 921, 928 (E.D.La1988) (exclusion applied to surveyor services which required special knowledge and technical expertise), aff'd, 889 F.2d 633 (5th Cir.1989).
 
 
 19
 Shepardson also argues that the exclusion for professional services was ambiguous, and that the policy should therefore be construed in its favor. See AIU Ins. Co. v. Superior Court, 274 Cal.Rptr. 820, 799 P.2d 1253, 1264 (1990) (any ambiguity resolved against the insurer, and policy will be construed broadly to protect the objectively reasonable expectations of the insured); Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1364-65 (9th Cir.1991) (duty to defend arises "if ambiguous language in the policy leads the insured reasonably to expect that a defense will be provided").
 
 
 20
 Shepardson argues that the definition of "professional services" was ambiguous. However, courts have held similar professional liability exclusions to be unambiguous and enforceable where "professional services" are undefined. See Hollingsworth, 256 Cal.Rptr. at 360-61; Aetna Cas. & Sur. Co. v. Dannenfeldt, 778 F.Supp. 484, 495-97 (D.Ariz.1991); Harbor Ins. Co. v. Omni Constr., Inc., 912 F.2d 1520 (D.C.Cir.1990) (interpreting identical professional services exclusion as unambiguous).
 
 
 21
 A cause of action for breach of the implied covenant of good faith and fair dealing cannot be maintained in the absence of coverage under the policy. Hydro Systems, Inc. v. Continental Ins. Co., 929 F.2d 472, 477 (9th Cir.1991). Further, Shepardson has not argued on appeal that it may maintain its action for breach of fiduciary duty. Under California law, the insurer-insured relationship does not create a fiduciary duty. See Hassard, Bonnington, Roger & Huber v. Home Ins. Co., 740 F.Supp. 789, 792 (S.D.Cal.1990).
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 California' substantive law governs in this diversity action. See James B. Lansing Sound, Inc. v. National Union Fire Ins. Co., 801 F.2d 1560, 1561 (9th Cir.1986), amended 981 F.2d 1549 (9th Cir.1992)