29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John GALLO, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
 No. 93-56484.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 24, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Gallo appeals pro se the magistrate judge's order granting defendant Allstate Insurance Company's ("Allstate") motion for judgment on the pleadings.[1] We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review de novo a judgment on the pleadings. See Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir.1991), cert. denied, 112 S.Ct. 1161 (1992). "Judgment on the pleadings is proper when it is clearly established that there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." Id. "We accept all allegations of fact by the party opposing the motion as true, and construe those allegations in the light most favorable to that party." Id.
 
 
 4
 This action stems from an automobile accident in which Gallo was injured. Gallo was covered by an insurance policy issued by Allstate. Gallo and Allstate disputed the amount to be paid under the policy. Thus, pursuant to the terms of the policy, the dispute went to arbitration and Gallo was awarded approximately $78,000. Allstate paid the award.
 
 
 5
 Gallo was not satisfied, however, and, on September 8, 1992, he filed a complaint in California state court alleging claims for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) breach of fiduciary duty, and (4) punitive damages. Allstate removed the action to federal court on the basis of diversity jurisdiction and subsequently filed a motion for judgment on the pleadings. Gallo opposed the motion and a hearing was held. On August 31, 1993, the magistrate judge granted Allstate's motion.
 
 
 6
 The magistrate judge correctly determined that Allstate was entitled to judgment as a matter of law on all of Gallo's claims. First, to the extent Gallo alleged that Allstate breached an express term of the contract by refusing to pay his claim and resorting to arbitration, the magistrate judge correctly determined that Gallo's insurance policy expressly provided that any disputes as to coverage would be settled through arbitration. Gallo so acknowledged in his complaint.
 
 
 7
 Second, the magistrate judge correctly determined that Gallo failed to allege any facts to support his claim for breach of the implied covenant of good faith and fair dealing. Under California law, Gallo had to demonstrate that (1) benefits due under his policy were withheld, and (2) Allstate's reason for withholding those benefits was unreasonable or without proper cause. See Love v. Fire Ins. Exch., 271 Cal.Rptr. 246, 255 (Cal.Ct.App.1990); see also Staefa Control-Sys. Inc. v. St. Paul Fire & Marine Ins. Co., 847 F.Supp. 1460, 1474 (N.D.Cal.1994). At most, Gallo's complaint contains only conclusory allegations that Allstate refused in bad faith to negotiate a settlement.
 
 
 8
 Third, the magistrate judge correctly determined that the California courts do not recognize a cause of action for breach of fiduciary duty between an insured and an insurer. See Love, 271 Cal.Rptr. at 251-53; see also Almon v. State Farm Fire & Casualty Co., 724 F.Supp. 765, 766 (S.D.Cal.1989).
 
 
 9
 Finally, the magistrate judge correctly determined that Gallo cannot maintain an independent cause of action for punitive damages. See Grieves v. Superior Court, 203 Cal.Rptr. 556, 558 (Cal.Ct.App.1984); Gold v. Los Angeles Democratic League, 122 Cal.Rptr. 732, 738 n. 3 (Cal.Ct.App.1975).
 
 
 10
 On appeal, Gallo contends the magistrate judge's order must be reversed for lack of subject-matter jurisdiction. Specifically, Gallo contends for several reasons that diversity jurisdiction is lacking. This contention lacks merit.
 
 
 11
 Gallo is a citizen of California. In its notice of removal, Allstate alleged it was a corporation organized and existing under the laws of Illinois with its principal place of business in Illinois. Thus, under the diversity statute, Allstate is a citizen of Illinois. See 28 U.S.C. Sec. 1332(c) (providing that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").
 
 
 12
 Gallo contends Allstate should not be allowed to assert diversity jurisdiction because the events underlying this action occurred in California and because Allstate conducts business and has agents in California. Corporate citizenship, however, is based on the corporation's state of incorporation or the state in which the corporation has its principal place of business. See id. Gallo has not alleged that Allstate is a California corporation. Nor has he presented any facts to suggest that Allstate's principal place of business is in California.[2]
 
 
 13
 Gallo also contends diversity is lacking because he included Doe defendants in his complaint, some of whom reside in California. He contends he could have named these Doe defendants, thus destroying diversity of citizenship. The removal statute, however, provides that "[f]or purposes of removal ..., the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. Sec. 1441(a); see Bryant v. Ford Motor Co., 886 F.2d 1526, 1528 (9th Cir.1989), cert. denied, 493 U.S. 1076 (1990). Moreover, whether Gallo could have named California citizens as defendants is irrelevant because, under the circumstances of this case, we determine subject-matter jurisdiction as of the time the magistrate judge entered final judgment. See Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 702 (1972); Local Union 598 v. J.A. Jones Constr. Co., 846 F.2d 1213, 1215 (9th Cir.) (when district court enters final judgment before removal challenged, judgment may be upheld if court "would have had original jurisdiction in the posture it had at the time of the entry of final judgment"), aff'd, 488 U.S. 881 (1988).[3]
 
 
 14
 Finally, Gallo contends the magistrate judge should have allowed him an opportunity to amend his complaint. This contention lacks merit. First, the record does not indicate that Gallo ever requested leave to amend his complaint. Second, nothing in Gallo's pleadings below or in his briefs on appeal persuades us that Gallo could have alleged facts that would have cured the deficiencies in his complaint. Therefore, the magistrate judge did not err by not allowing Gallo to amend his complaint. See National Abortions Fed'n v. Operation Rescue, 8 F.3d 680, 681 (9th Cir.1993).
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On June 28, 1993, the parties consented to proceed to final judgment before Magistrate Judge Ronald W. Rose. See 28 U.S.C. Sec. 636(c). Thus, this appeal is properly before us. See id
 
 
 [2]
 This circuit employs two tests for determining a corporation's principal place of business. The "nerve center" test "looks to the corporation's headquarters as the principal place of business." Danjaq, S.A. v. Pathe Comms. Corp., 979 F.2d 772, 776 (9th Cir.1992). The "place of operations" test "focuses on the state where a substantial portion of the corporation's business is located." Id. The general rule under either of these approaches is that " 'the bulk of corporate activity, as evidenced by the location of daily operating and management activities, governs the choice of a principal place of business.' " Id. (quoting Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir.1990))
 
 
 [3]
 Gallo contends Allstate's attorney should be deemed a party to this action and that diversity of citizenship is lacking because the attorney works in California. Gallo, however, did not name the attorney as a defendant. His contention is therefore of no avail
 In addition, to the extent Gallo contends diversity is lacking because this is a "direct action" against his insurer, the magistrate judge correctly determined that this is not such an action. See 28 U.S.C. Sec. 1332(c)(1); Searles v. Cincinnati Ins. Co., 998 F.2d 728, 729-30 (9th Cir.1993).
 We also reject Gallo's contention that the magistrate judge failed to allow him an opportunity to oppose Allstate's notice of removal. Nothing in the record shows that the magistrate judge prevented Gallo from filing an objection to Allstate's notice or from filing a motion for remand. See 28 U.S.C. Sec. 1447.