79 F.3d 1154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lisa STRAUSA, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY OF
BLOOMINGTON, ILLINOIS, Defendant-Appellee.
 No. 94-55702.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 17, 1995.
Decided March 11, 1996.
 
 1
 Before: BRUNETTI and KOZINSKI, Circuit Judges, and HAGEN, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant (Strausa) sued appellee, her automobile insurance carrier (State Farm), in California state court for breach of insurance contract and for various torts associated with State Farm's handling of her claim.
 
 
 4
 State Farm removed the action to federal court pursuant to 28 U.S.C. § 1441 on the ground of diversity under 28 U.S.C. § 1332. The district court granted summary judgment on all claims to State Farm, and this appeal followed. This Court has jurisdiction under 28 U.S.C. § 1291.
 
 ANALYSIS
 I. Subject Matter Jurisdiction
 
 5
 Strausa challenges subject matter jurisdiction solely on the basis of Gaus v. Miles, Inc., 980 F.2d 564 (9th Cir.1992) (per curiam). Gaus noted that where the amount in controversy in a diversity case removed to federal court is in doubt, the defendant bears the burden of establishing that removal is proper. Id. at 566. "Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional amount." Id.; see also St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-90 (1938).
 
 
 6
 In the first cause of action in Strausa's complaint, she alleges "she has been damaged in a sum or sums of not less than $25,000.00" in contract damages. ER at 19. In the second cause of action, for bad faith, she alleges general damages that "are within the jurisdictional limits of [the California Superior Court] and subject to proof at trial." ER at 23. The jurisdiction of the California Superior Court extends to cases at law where the demand is for more than $25,000. See Cal. Const. Art. 6, § 10 (West 1954 & Supp.1995); Cal.Civ.Proc.Code § 86(a)(1) (West 1982 & Supp.1995). Thus, by her complaint, Strausa claimed in excess of $50,000. Gaus therefore provides no basis for remanding the case, and jurisdiction is proper in federal court.
 
 II. Standard of Review
 
 7
 This court reviews de novo a district court's grant of summary judgment. King v. AC & R Advertising, 65 F.3d 764, 767 (9th Cir.1995). This court's review is governed by the same standard used by trial courts under Federal Rule of Civil Procedure 56(c): "[The court] must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law." Id. (quotations and citation omitted).
 
 III. Waived Issue
 
 8
 In the "Statement of Issues" in her opening brief, Strausa states: "Did the Appellant-Policyholder Raise a Genuine Issue of Material Fact as to the Causes of Action Asserted Against the Appellee-Insurer?" Appellant's Opening Br. at 1. The claims upon which the district court granted summary judgment against Strausa were: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing and violation of fiduciary duties; (3) fraud by misrepresentation, concealment, and promise without intent to perform; and (4) intentional infliction of emotional distress. ER at 428-442. Strausa does not discuss her claim of intentional infliction of emotional distress in her appellate briefs. The appellant's brief must contain argument that sets forth "the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on." Fed.R.App.P. 28(a)(6). Issues raised but not supported by argument are deemed abandoned. Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir.1993). Any issue regarding Strausa's claim of intentional infliction of emotional distress therefore is deemed abandoned.
 
 IV. Breach of Contract
 
 9
 Strausa contends that State Farm breached the express obligations of the contract by declining to make an offer to settle her uninsured motorist coverage claim and thereby forcing the matter to arbitration. The district court correctly determined that under both the policy and the applicable provision of the California Insurance Code, State Farm was not obligated to make an offer of settlement during the adjustment period. Rather, what was required was that an arbitrator decide any disagreement between the parties as to the fact or amount of liability. Here, the disagreement was decided by arbitration, and State Farm paid Strausa the amount of the arbitrator's award. Hence, there was no breach of contract.
 
 
 10
 V. Breach of the Implied Covenant of Good Faith and Fair Dealing and Violation of Fiduciary Duties
 
 A. Good Faith and Fair Dealing
 
 11
 Preliminarily, Strausa's claim that State Farm should be liable for maliciously desiring the arbitration is groundless. The arbitration was requested by Strausa, not State Farm.
 
 
 12
 The district court found that State Farm presented admissible evidence establishing that it acted reasonably in disputing the amount of Strausa's claim, and Strausa failed to raise a genuine issue that State Farm acted in bad faith. The court was correct with respect to State Farm's showing.
 
 
 13
 Strausa attempted to show bad faith by showing what she called a "pattern and practice" of unreasonable claims handling by State Farm. Appellant's Opening Br. at 16-20. The district court properly could have concluded that this showing failed because the bulk of the evidence offered consisted of documents that her attorney declared under penalty of perjury were true and correct copies from the files of other Los Angeles Superior Court cases in which State Farm was the defendant. ER at 102-04. As State Farm argued below in its objections to evidence on the motion for summary judgment, the documents were not certified as copies by the Superior Court, and were not otherwise authenticated. ER at 423. Although Strausa's attorney declared the copies to be true and correct, he was not a person through whom uncertified public records could be admitted into evidence. The documents thus lacked proper foundation to authenticate them and could not be used to support a motion for summary judgment. Id. at 1551. Accordingly, the district court properly could have excluded the court documents.
 
 
 14
 Strausa's opposition to summary judgment also offered the declaration of an expert witness, Bernard R. Martin. ER at 365-383. Martin opined that State Farm acted in bad faith based on the following: State Farm's retained attorneys could have obtained Strausa's medical records at any time; State Farm asserted that Strausa was making a claim for pre-existing back injuries rather than aggravation of those injuries; and State Farm was advised early on that Strausa did not want to go to arbitration. ER at 10-11. Because none of these alleged facts showed that State Farm acted unreasonably in disputing the amount of Strausa's claim, Martin's opinion amounted to a non-sequitur. Hence, his declaration did not at all show bad faith, and the district court's failure to consider it was, if error, harmless.
 
 
 15
 In sum, State Farm's investigation revealed that the amount of damages was far from reasonably clear, even viewing all of Strausa's evidence, including the expert's opinion, in the light most favorable to her. Thus, State Farm's resistance to Strausa's claim was reasonable as a matter of law.
 
 B. Fiduciary Duties
 
 16
 Strausa claims State Farm's handling of her claim violated fiduciary duties owed by State Farm as insurer to Strausa as insured. Strausa cites dicta in Frommoethelydo v. Fire Ins. Exchange, 42 Cal.3d 208, 219 (1986) for the proposition that an insurer owes a fiduciary duty to its insured over and above the implied covenant of good faith and fair dealing. She also argues that State Farm owes her fiduciary duties by virtue of her status as an insured of a mutual insurer and her rights to vote and receive dividends based upon company profits.
 
 
 17
 The district court correctly granted summary judgment in favor of State Farm on this claim because California law does not support Strausa's position. Dicta in Frommoethelydo suggested that an insured might be able to "recover damages for a failure to investigate in violation of the implied covenant, fiduciary duty or the duty to engage in fair practices." 42 Cal.3d at 219. However, since Frommoethelydo, the California intermediate courts have held that the relationship between insurer and insured is not a true fiduciary relationship. Love v. Fire Ins. Exch., 221 Cal.App.3d 1136, 1147-49 (Ct.App.1990); Henry v. Associated Indem. Co., 217 Cal.App.3d 1405, 1418-19 (Ct.App.1990); see also Employers Ins. of Wausau v. Albert D. Seeno Constr. Co., 945 F.2d 284, 87-88 (9th Cir.1991) (citing Love and Henry, and citing with approval Hassard, Bonnington, Roger & Huber v. Home Ins., 740 F.Supp. 789, 792 (S.D.Cal.1990), in which district court stated, "As best this court can determine, the current state of California law is that the relationship between an insurer and an insured has many of the elements of a fiduciary relationship, but is not an actual fiduciary relationship").
 
 
 18
 Moreover, despite Strausa's reference to her voting and dividend rights in State Farm, her claim of violation of fiduciary duty has nothing to do with those rights, but rather is based on exactly the same facts as her claim of breach of the implied covenant of good faith and fair dealing. Thus, it would be superfluous to recognize a fiduciary duty claim under these circumstances.
 
 
 19
 VI. Fraudulent Misrepresentation, Concealment, and Promise Without Intent to Perform
 
 
 20
 Strausa claims State Farm defrauded her by issuing the uninsured motorist policy while never intending to fulfill its obligations under the policy. She argues that State Farm's intent not to perform can be demonstrated by its subsequent refusal to pay her the full value of her claim, citing Miller v. National American Life Ins. Co., 54 Cal.App.3d 331, 338-39 (Ct.App.1976). She also contends State Farm concealed from her its studies showing that it never pays the full value of arbitration awards, and State Farm concealed from her the fact that her attorney was on a list of "targeted attorneys" whose claims are handled separately from others by State Farm.
 
 
 21
 Strausa's key evidence to support both the concealment claim and the promise without intent to perform claim[1] consists of court documents that, as discussed above, were not properly authenticated and thus were not admissible evidence on the motion for summary judgment. As a result, even if the documents could raise a genuine issue regarding her claims of concealment and promise without intent to perform, the court did not err by granting summary judgment against her. Further, without the above evidence, her claim of fraud under Miller fails, because State Farm's handling of her claim surely did not reveal that it never intended to perform its obligations under the policy. 54 Cal.App.3d at 338-39.
 
 CONCLUSION
 
 22
 The district court did not err in granting summary judgment.
 
 
 23
 AFFIRMED.
 
 
 
 *
 Hon. David Warner Hagen, United States District Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Under California law, the elements of a claim of fraud by concealment are: "1) suppression of a material fact; 2) by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; 3) with intent to deceive a person unaware of the concealed fact and who would not have acted had he known of the fact." Melanson v. United Air Lines, Inc., 931 F.2d 558, 563 (9th Cir.) (citing Cal.Civ.Code §§ 1709, 1710), cert. denied, 502 U.S. 865 (1991). To establish her claim of promise without intent to perform, Strausa must prove that State Farm "made a promise about a material matter, with no intention of honoring that promise, that induced her to take action she otherwise would not have taken." Id. (citing Cal.Civ.Code §§ 1709, 1710)