**GENERAL AMERICAN LIFE INSURANCE COMPANY, a Corporation, Plaintiff,**

v.

**Gary S. RANA, Defendant.**

**No. C–90–3230 SAW.**

United States District Court, N.D. California.

June 27, 1991.

---

Arthur Franz, Galton & Helm, Los Angeles, Cal., for plaintiff.

Albert N. Kun, San Francisco, Cal., for defendant.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

On November 13, 1990, plaintiff General American Life Insurance Company ("General American") brought this action seeking rescission of a business overhead expense disability insurance contract and damages against defendant Gurcharan S. Rana. Plaintiff alleges: (1) that defendant misrepresented and concealed material facts from plaintiff, and (2) that defendant is not entitled to the contract benefits. Plaintiff's action is based upon diversity jurisdiction. General American is a Missouri corporation and Rana is a California citizen.

On April 17, 1991, defendant filed a third-party complaint which he denominated a counter, cross, and third-party complaint ("third-party complaint"). Defendant names fifteen third-party defendants, including both California and non-California citizens.[1] It does not appear from the record that defendant has served the third-party defendants. In his third-party complaint, Rana alleges that General American and the third-party defendants, including several insurance companies, conspired to deny him the disability insurance benefits he was due under the insurance companies' policies. Defendant has brought twelve causes of action seeking damages against plaintiff and the third-party defendants.[2]

---

1. Defendant names the following third-party defendants: James Abbott, Michael Goldberg, John R. Burr, Ronald Sanchez, Maccabees Life Insurance Company, Barbara Mueller, Guardian Life Insurance Company, Arnold Lancetter, Provident Life Insurance Company, Allen McDonald, Oliver, Joseph Schneider, William Ka-

salko, Jeffrey Bennett, and Imperial Savings Bank.

2. Defendant is currently involved in similar litigation with two other insurance companies. Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of de-

Plaintiff and third-party defendant Kasalko move to dismiss the third-party complaint for lack of subject matter jurisdiction. They also move to dismiss defendant's conspiracy cause of action because it fails to state a claim upon which relief can be granted. Furthermore, plaintiff moves to dismiss three other causes of action contained in the third-party complaint because they also fail to state claims upon which relief can be granted. Finally, plaintiff moves for a more definite statement.

I. Plaintiff's and Third–Party Defendant's Motion to Dismiss for lack of Subject Matter Jurisdiction

Plaintiff and third-party defendant Kasalko contend that all third-party defendants named in the third-party complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because the Court lacks pendent party and/or ancillary jurisdiction over these defendants. In his third-party complaint, defendant names fifteen third-party defendants, including both California and non-California citizens. Thus, there is no diversity between defendant and those third-party defendants who reside in California. However, defendant asserts that he has jurisdiction over the third-party defendants based upon the supplemental jurisdiction provision of the Judicial Improvements Act of 1990, 28 U.S.C.A. § 1367 (West Supp.1991).

■ The supplemental jurisdiction provision of the Judicial Improvements Act of 1990 applies to "civil actions commenced on or after the date of the enactment of this Act [Dec. 1, 1990]." 28 U.S.C. § 1367 note (1990); *see also Harbor Ins. Co. v. Continental Bank Corp.*, 922 F.2d 357, 362 (7th Cir.1990). "A civil action is commenced by filing a complaint with the court." Fed. R.Civ.P. 3. Therefore, the Judicial Improvements Act is inapplicable in the present case because plaintiff filed his complaint on November 13, 1990, prior to the effective date of the Act. The Court's subject matter jurisdiction is, therefore, based on the rules and case law in effect at the time the complaint was filed.

■ It is unclear whether defendant named these third-party defendants pursuant to Federal Rule of Civil Procedure 14(a) or 13(h). Federal Rule of Civil Procedure 14(a) provides for the filing of a third-party complaint "upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed.R.Civ.P. 14(a). However, a third-party claim may be asserted pursuant to Rule 14(a) only when the third-party's liability is dependent upon the outcome of the main claim and the third-party's liability is secondary or derivative. *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir.1983), *cert. denied*, 464 U.S. 1071, 104 S.Ct. 981, 79 L.Ed.2d 217 (1984).

■ In his third-party complaint, defendant has sought neither indemnification nor contribution from the third-party defendants for plaintiff's claims against defendant. Nor does it appear from the complaint that defendant's claims against these third-party defendants are dependent upon the outcome of plaintiff's main claim against him. Therefore, the Court concludes that the third-party defendants have not been named pursuant to Rule 14(a).

■ The only other possibility is that defendant seeks to join the third-party defendants as additional parties pursuant to Federal Rule of Civil Procedure 13(h). In order to add parties under Rule 13(h), defendant must show that this Court has an independent jurisdictional basis for the assertion of federal jurisdiction over these parties. *Danner v. Himmelfarb*, 858 F.2d 515, 522 (9th Cir.1988); *Safeco Ins. Co. of America v. Guyton*, 692 F.2d 551, 555 & n. 5 (9th Cir.1982).[3]

fendant's third-party complaints filed in *Provident Life and Accident Insurance Company v. Gurcharan S. Rana, aka Gary S. Rana*, No. C–90–3232 VRW (N.D.Cal.) and *Maccabees Life Insurance Company v. Gary S. Rana*, No. 89–3084 JPV (N.D.Cal.).

3. In a previous motion to dismiss, defendant conceded that the *Safeco* doctrine of subject-matter jurisdiction controlled this case. *See* Defendant's Memorandum of Points and Authorities in Support of Motion to Dismiss, at 18–20 (Feb. 7, 1991).

■ To establish an independent basis for jurisdiction, defendant must establish diversity of citizenship between himself and the third-party defendants since he has not raised a federal question. Pursuant to 28 U.S.C. § 1332(a)(1), this Court has no independent basis for jurisdiction over the following California third-party defendants because there is no diversity of citizenship between the parties: Abbott, Goldberg, Burr, Sanchez, McDonald, Oliver, Schneider, Bennett, and Imperial Savings Bank. Moreover, the Court does not address the issue of whether these third-party defendants are indispensable to this action under Federal Rule of Civil Procedure 19, because defendant has not raised this issue.

■ Therefore, the Court grants plaintiff's motion to dismiss with regard to the above non-diverse third-party defendants. The Court denies plaintiff's motion to dismiss the remaining third-party defendants (Maccabees Insurance Company, Mueller, Guardian Insurance Company, Lancetter, Provident Insurance Company, and Kasalko) because the Court has diversity jurisdiction over these joined parties. The Court allows defendant leave to amend his third-party complaint because he may be able to allege facts showing that his third-party complaint is derivative, thereby establishing jurisdiction under Rule 14(a).

## II. Plaintiff's and Third-Party Defendant's Motion to Dismiss for Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff and third-party defendant Kasalko contend that defendant's cause of action for conspiracy against them should be dismissed with prejudice because defendant has not alleged the necessary elements for a cause of action of civil conspiracy and, as a matter of law, he cannot replead this cause of action.

■ To state a cause of action for civil conspiracy, the complaint must allege (1) the formation and operation of a conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting from such act or acts. *Younan v. Equifax Inc.*, 111 Cal.App.3d 498, 511 n. 9, 169 Cal.Rptr. 478, 485 n. 9 (1980).

■ To establish the "wrongful act" element of civil conspiracy, defendant must satisfy all of the elements of a cause of action for some *other* tort or wrong. *See* 5 B. Witkin, *California Procedure* § 871, at 311 (3d ed. 1985). Defendant alleges that plaintiff and the third-party defendants committed the "wrongful act" of agreeing to "deny disability insurance benefits due Rana under his disability insurance policies." Third–Party Complaint, ¶ 21.

■ Nevertheless, defendant does not specifically assert which *other* tort or wrong was committed through the conspiracy. It is unclear from defendant's third-party complaint whether defendant bases his conspiracy cause of action solely on the alleged breach of contract or on some other tort (i.e. misrepresentation). This distinction is important because it will determine whether the insurance agents may be held liable.[4]

Plaintiff further asserts that defendant is barred from repleading the conspiracy cause of action based upon the California Supreme Court's decision in *The Doctors' Co. v. Superior Court*, 49 Cal.3d 39, 260 Cal.Rptr. 183, 775 P.2d 508 (1989). However, the facts of *Doctors' Co.* are distinguishable from the instant case. In *Doctors' Co.*, the court based its decision regarding conspiracy specifically upon Insurance Code § 790.03(h) and noted that the requirements of § 790.03(h) are "somewhat unusual" because their application is expressly restricted to persons "engaged in

---

**4.** For example, in *Gruenberg v. Aetna Inc. Co.*, 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973), the California Supreme Court ruled that corporate agents and employees acting for and on behalf of the corporation cannot be held liable for inducing a breach of the corporation's contract. *Id.* at 576, 108 Cal.Rptr. at 487, 510 P.2d 1032. However, in *Younan v. Equifax Inc.*, 111 Cal.App.3d 498, 169 Cal.Rptr. 478 (1980), the California Court of Appeal distinguished the *Gruenberg* decision. In *Younan*, the court ruled that a cause of action for conspiracy will lie against agents and employees of insurers when they join the insurer in a conspiracy not based upon the contract (i.e. fraud). *Id.* at 511, 169 Cal.Rptr. at 485.

the business of insurance" and the insurer's agents were not engaged in the "business of insurance." *Id.* at 44, 260 Cal.Rptr. at 186, 775 P.2d 508.

Therefore, the Court dismisses with leave to amend the cause of action for conspiracy because it does not sufficiently delineate the "wrongful act or acts" upon which the claim is based.

### III. Plaintiff's Motions to Dismiss for Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff contends that the Court should dismiss with prejudice the following causes of action against General American because they fail to state a claim upon which relief can be granted: (1) breach of fiduciary duty; (2) constructive fraud; and (3) breach of statutory duty.

### A. *Breach of Fiduciary Duty*

■ Plaintiff contends that the Court should dismiss with prejudice defendant's cause of action for breach of fiduciary duty because no fiduciary duty exists between an insurer and an insured. The issue of whether there is a fiduciary duty between an insurer and an insured is governed by California law.

California law clearly recognizes that the relationship between an insurer and an insured encompasses elements of a fiduciary duty. In describing the insurer-insured relationship, the California Court of Appeal has stated: "The relationship between an insurer and an insured is akin to a fiduciary relationship." *State Farm Fire & Casualty Co. v. Superior Court*, 216 Cal. App.3d 1222, 1226, 265 Cal.Rptr. 372, 374 (1989).

Although the insurer-insured relationship has many elements of a fiduciary relationship, "the [California] courts which have directly addressed the issue ... have specifically held that there is no fiduciary duty

between an insurer and an insured." *Hassard, Bonnington, Roger & Huber v. Home Ins. Co.*, 740 F.Supp. 789, 792 (S.D.Cal.1990); *see also Love v. Fire Ins. Exchange*, 221 Cal.App.3d 1136, 1149, 271 Cal.Rptr. 246, 253 (1990); *Henry v. Associated Indemnity Corp.*, 217 Cal.App.3d 1405, 1418, 266 Cal.Rptr. 578, 586 (1990).

Thus, defendant fails to state a claim for breach of fiduciary duty under California law. The Court notes that dismissal of this claim will not prejudice defendant because this claim is cumulative. His other causes of action (*e.g.* breach of the covenant of good faith and fair dealing) will provide an adequate vehicle for defendant's claims.

### B. *Constructive Fraud*

Similarly, plaintiff asserts that the Court should dismiss with prejudice defendant's cause of action for constructive fraud because there is no fiduciary duty between an insurer and an insured, a necessary element of constructive fraud. The issue here is whether a true fiduciary duty is a necessary element of constructive fraud.

■ Section 1573 of the California Civil Code creates a statutory cause of action for constructive fraud.[5] The elements of a cause of action for constructive fraud are (1) a fiduciary relationship; (2) nondisclosure; (3) intent to deceive; and (4) reliance and resulting injury (causation). *Younan v. Equifax Inc.*, 111 Cal.App.3d 498, 516 n. 14, 169 Cal.Rptr. 478, 489 n. 14 (1980); 5 B. Witkin, *California Procedure* § 666, at 116–118 (3d ed. 1985). As noted above, although the insurer-insured relationship has many elements of a fiduciary relationship, there is no true fiduciary duty between an insurer and an insured. *Hassard, Bonnington, Roger & Huber v. Home Ins. Co.*, 740 F.Supp. 789, 792 (S.D.Cal.1990).

---

5. Section 1573 provides that constructive fraud consists:

    1. In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or anyone claiming under him, by misleading another to his prejudice of anyone claiming under him; or,

    2. In any such act or omission as the law specially declares to be fraudulent, without respect to actual fraud.

    Cal.Civ.Code § 1573 (West 1983).

However, California law does not require that the fiduciary relationship element of constructive fraud constitute the technical legal requirements of establishing a fiduciary duty. In cases of constructive fraud, the term "fiduciary relationship" has been used synonymously with the term "confidential relationship." *Estate of Cover*, 188 Cal. 133, 143, 204 P. 583, 588 (1922). For example, in interpreting Section 1573, the California Supreme Court has stated: "Constructive fraud often exists where the parties to a contract have a special confidential *or* fiduciary relation...." *Mary Pickford Co. v. Bayly Bros., Inc.*, 12 Cal.2d 501, 525, 86 P.2d 102, 114 (1939) (emphasis added).

Recently, California courts have continued to interpret the fiduciary relationship requirement of constructive fraud as synonymous with a confidential relationship. In *Byrum v. Brand*, 219 Cal.App.3d 926, 937, 268 Cal.Rptr. 609, 617 (1990), the California Court of Appeal stated: "The breach of duty referred to in section 1573 must be one created by the confidential relationship...." Furthermore, in *Barrett v. Bank of America*, 183 Cal.App.3d 1362, 1369, 229 Cal.Rptr. 16, 20 (1986), the California Court of Appeal ruled that the *quasi-fiduciary relationship* of a bank to a depositor was sufficient for the trial court to instruct the jury on the theory of constructive fraud.

Therefore, a true fiduciary duty between an insurer and an insured is not a necessary element of constructive fraud. Moreover, defendant has alleged that plaintiff breached a confidential relationship. For these reasons, the Court denies plaintiff's motion to dismiss defendant's constructive fraud claim.

### C. *Violation of Statutory Duty*

Defendant alleges that General American violated its statutory duty pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 (West Supp. 1991), by refusing to continue paying defendant disability benefits. Plaintiff moves to dismiss defendant's breach of statutory duty claim because the Americans with Disabilities Act of 1990 is currently unenforceable, and it does not affect state laws concerning insurance.

The Americans with Disabilities Act of 1990 is inapplicable because no enforcement provisions of the Act are currently in force. The enforcement provisions of the Act do not become effective until July 26, 1992. Americans with Disabilities Act of 1990, 42 U.S.C.A. §§ 12117, 12133, & 12188 (West Supp.1991).

Therefore, the Court dismisses with prejudice defendant's cause of action alleging breach of statutory duty because the Americans with Disabilities Act of 1990 is not yet enforceable. Because the Act is not yet enforceable, the Court need not address the issue of whether it affects state laws concerning insurance.[6]

### IV. Plaintiff's Motion for a More Definite Statement

Pursuant to Federal Rule of Civil Procedure 12(e), plaintiff moves that the Court require defendant to provide a more definite statement of his constructive fraud cause of action. As noted above, defendant has sufficiently pleaded the elements of constructive fraud.

Therefore, the Court denies plaintiff's motion for a more definite statement.

Accordingly,

IT IS HEREBY ORDERED that:

1. Plaintiff General American's and third-party defendant Kasalko's motion to dismiss for lack of subject matter jurisdiction is GRANTED, with leave to amend, as to the following non-diverse (California) third-party defendants: Abbott, Goldberg, Burr, Sanchez, McDonald, Oliver, Schneider, Bennett, and Imperial Savings Bank. The motion is DENIED as to these third-

---

**6.** Pursuant to Rule 201 of the Federal Rules of Evidence, plaintiff requests that the Court take judicial notice of selected excerpts from the House Report on the Americans with Disabilities Act of 1990, H.R.Rep. No. 485(II), 101st Cong., 2d Sess. 135–37, *reprinted in* 1990 U.S.Code Cong. & Admin.News 267, 418–421.

There is no need for the Court to take notice of these excerpts because the Act does not apply to the instant suit.

party defendants: Maccabees Insurance Company, Mueller, Guardian Insurance Company, Lancetter, Provident, and Kasalko.

2. Plaintiff's and third-party defendant's motion to dismiss defendant's conspiracy cause of action is GRANTED with leave to amend.

3. Plaintiff's motion to dismiss defendant's causes of action for breach of fiduciary duty and breach of statutory duty is GRANTED with prejudice.

4. Plaintiff's motion to dismiss defendant's constructive fraud cause of action is DENIED.

5. Plaintiff's motion to require defendant to provide a more definite statement is DENIED.