**L.P. COMMERCIAL CORPORATION d/b/a Luttrell, Pursley and Associates**

v.

**Robert S. CAUDILL, Caudill and Associates, Inc., Patricia Jones McDaniel, Kent Television Marketing, Inc., and C. Wayne Harvey d/b/a Show–Me Products, Inc.**

Civ. A. No. G–94–537.

United States District Court,
S.D. Texas,
Galveston Division.

Dec. 8, 1994.

R. Christopher Bell and Annette M. Henry, Houston, TX, for plaintiff.

Harold H. Walker, Jr., Nona Bowles Thomason, Gardere & Wynne; and John H. Bennett, Jr., Pohl Bennett & Mathews, Houston, TX, for defendants.

## ORDER

KENT, District Judge.

This is a commercial-law dispute in which Plaintiff L.P. Commercial Corporation d/b/a Luttrell, Pursley and Associates ("Luttrell") has brought state-law claims of breach of contract, fraud, negligent misrepresentation, conspiracy, and violations of the Deceptive Trade Practices Act against Defendants Robert S. Caudill, ("Caudill"), Caudill and Associates, Inc., ("Caudill and Associates"), Patricia Jones McDaniel, ("McDaniel"), Kent Television Marketing, Inc. ("Kent"), and C. Wayne Harvey d/b/a Show–Me Products, Inc. ("Show–Me Products"). Before the Court now are Defendants' Motions to Dismiss Luttrell's complaints against them for lack of personal jurisdiction and failure to state a cause of action. On its own motion, however, this Court notes that it lacks both subject matter jurisdiction and diversity jurisdiction in this case. Defendants' Motions to Dismiss are therefore rendered **MOOT,** and the case is **REMANDED** to the 10th Judicial Court of

Galveston County, Texas, where the suit was originally brought.

### 1. Background

This suit demonstrates that beyond the seemingly endless array of television "infomercials" lies another world of unsuccessful marketing ventures whose products do not join the exalted realm of popular exercise equipment, telephone psychics, and miracle juicers. This misadventure began in 1991, when Television Productions Corporation ("TPC"), the predecessor-in-interest to Plaintiff Luttrell, entered into an agreement with Defendants Caudill, Caudill and Associates, and McDaniel to market its product—a knife known as "Cobra Swords." Luttrell alleges that it chose Defendants to market this product based on their successful infomercial marketing of another knife—the "Miracle Blade"—of Defendant Show–Me Products.

By all accounts, the Cobra Swords campaign was unsuccessful, and the infomercials were withdrawn from the market. Plaintiff alleges that while it was negotiating the infomercial agreement with Defendants, it had reason to believe that Caudill, Caudill and Associates, and McDaniel had a potential financial interest in the rival Miracle Blade and was receiving a percentage of each knife sold through the infomercials designed to promote that product. According to Plaintiff's Complaint, Defendants reassured it that no such financial interest existed, and Luttrell consequently entered into the infomercial agreements with Defendants based on this representation. In addition, Plaintiff complains that Show–Me Products joined with the other Defendants to conspire against Plaintiff and its competing product by inducing Plaintiff to enter into a business relationship that was specifically designed to lead to an unsuccessful infomercial.

Plaintiff, a Texas resident, filed suit against Defendants in the 10th Judicial Court of Galveston County, Texas on July 26, 1994. Defendants subsequently removed the action to this Court, claiming that Defendant Show–Me Products, also a Texas resident, had been fraudulently joined to destroy diversity of citizenship. In its Notice of Removal, Defendants admit that the only basis for federal jurisdiction in this case lies in the alleged diversity of citizenship between the parties. (See Notice of Removal, Instrument # 1, at 2).

### 2. Analysis

Although the Constitution demands only minimal diversity, it has been a fundamental principle of judicial interpretation for almost two hundred years that the diversity statute, 28 U.S.C. § 1332(a), demands *complete* diversity between all Plaintiffs and all Defendants in a case. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). For diversity jurisdiction to exist, there must be no Plaintiff who is domiciled in the same state as any Defendant. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 814 (5th Cir.1993).

It is fundamental, of course, that the jurisdiction of federal courts is limited by the scope defined by the Constitution and by statute. *In re Carter*, 618 F.2d 1093, 1098 (5th Cir.1980), *cert. denied*, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981). As a result, a federal court must not proceed in any matter without first establishing that the dispute before it falls within the controversies granted to it by the Constitution or statute; to act otherwise is to encroach on the authority of the coordinate state judicial system, and the decisions of the federal court have no effect. *American Fire & Casualty v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); *In re Carter*, 618 F.2d at 1093. A trial court lacking federal question jurisdiction over a case may address the absence of diversity jurisdiction *sua sponte* because without it, the court has no power to enter any order at all. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir.1988) (stating that without proper jurisdiction, a federal court's "decisions, opinions, and orders are of no effect.").

Furthermore, it has been clearly established for at least fifty years that when a case is removed from state court to federal court, diversity jurisdiction is tested at the time of removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 349, 83 L.Ed. 334 (1939). It is axiomatic that "a state court

action is not removable to federal court if the action could not originally have been brought in federal court. Thus, removal is proper only when original diversity or federal question jurisdiction is present." *Stewart v. American Airlines, Inc.*, 776 F.Supp. 1194, 1195 (S.D.Tex.1991) (Kent, J.); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). When neither federal question jurisdiction nor diversity jurisdiction is present, a federal court *must* remand the suit to the state court where it originated. *Brown v. Crop Hail Management, Inc.*, 813 F.Supp. 519, 522 (S.D.Tex.1993) (Kent, J.).

■ In this case, Defendants removed the action to this Court under the claim that Defendant Show–Me Products was fraudulently joined; Plaintiff and Show–Me Products are both citizens of Texas, while the remaining Defendants are all citizens of California. The Fifth Circuit has been unfailingly clear that the party urging jurisdiction on the Court *must* bear the burden of demonstrating that the case is properly before the Court. *Village Fair Shopping Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir. 1979). In specific, the case law in this Circuit is absolutely clear that when an out-of-state Defendant removes an action to federal court on the allegation of fraudulent joinder, the removing party bears the burden to *prove* the alleged fraud. *Yawn v. Southern Railway Co.*, 591 F.2d 312 (5th Cir.), *cert. denied*, 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 304 (1979); *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).

■ A removing party may submit affidavit or deposition testimony in support of its removal petition, and the burden of proof placed on such a party claiming fraudulent joinder "is indeed a heavy one":

> In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

*B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981); *see also Laughlin v. Prudential Insurance Co.*, 882 F.2d 187, 190 (5th Cir.1989). The Court must evaluate all of the removing party's factual allegations in the light most favorable to the Plaintiff and must also resolve all contested issues of fact in favor of the Plaintiff. In addition, the court must also resolve any uncertainty as to the current state of the controlling substantive law in Plaintiff's favor. *East Texas Mack Sales, Inc. v. Northwest Acceptance Corp.*, 819 F.2d 116, 119 (5th Cir.1987) (quoting *B. Inc.*, 663 F.2d at 549); *Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172 (5th Cir.1968). Thus, a removing party's claim of fraudulent joinder designed to destroy diversity jurisdiction is treated as similar to a Motion for Summary Judgment, and a Court must pierce the pleadings to determine whether or not a valid claim has been stated under the controlling law. *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992).

■ In this case, it is self-evident that Defendants' Notice of Removal contained no proof whatsoever beyond the bare allegation that Defendant Show–Me Products had been fraudulently joined by Plaintiff and that all allegations involving a conspiracy between Show–Me Products and the other Defendants could readily be disproved. (See Notice of Removal, at 3). While it may well be true that Defendants *could* bear their burden of proof on this issue, it is equally clear that they have not done so: no affidavit or deposition testimony was presented to this Court in the Notice of Removal, as allowed by the Fifth Circuit. *B. Inc.*, 663 F.2d at 549.

Nor have the Defendants shown this Court in any other pleading or motion that there is *no possibility* that Plaintiff cannot prevail on its conspiracy claim. Clearly, the mere fact that there is a disputed issue of material fact on this matter is insufficient for the Court to find that Defendants have born their heavy burden of proof; the Court must resolve all such disputes in the Plaintiff's favor. *East Texas Mack Sales*, 819 F.2d at 119.

The Defendants have also failed to show that Plaintiff is unable as a matter of law to demonstrate that Show–Me Products en-

gaged in a civil conspiracy against the Plaintiff. Although this Court does not enter any Order or judgment concerning Defendants' Motions to Dismiss, it will examine the arguments set forth in Defendant Kent's Motion to Dismiss for failure to state a cause of action in order to determine the Court's own jurisdictional basis for this suit. If, having assumed all the facts set forth by the Plaintiff to be true, and having resolved all uncertainties as to the state substantive law against the Defendants, the Court should find that there is no possibility of a valid cause of action being set forth against non-diverse Defendant Show–Me Products, then that party's joinder by Plaintiff will have been fraudulent, and removal to this Court will have been appropriate. *Bobby Jones Garden Apartments,* 391 F.2d at 176–77. On the other hand, if the Court determines that there is even so much as a possibility that the state court could find a cause of action against Show–Me Products, then that party will have been properly joined, and this Court will be divested of all jurisdiction over this case. *Id.; see also Gray v. United States Fidelity and Guaranty,* 646 F.Supp. 27, 29 (S.D.Miss.1986).[1]

 All parties in this case agree that the Texas choice-of-law rules mandate that California substantive law should apply to this case. *See Duncan v. Cessna,* 665 S.W.2d 414, 421 (Tex.1984); *Maxus Exploration v. Moran Bros.,* 817 S.W.2d 50, 53 (Tex.1991).

Under California law, a claim of civil conspiracy does not give rise to a cause of action unless a civil wrong has been committed resulting in damage. Three elements of an action for civil conspiracy must be alleged: (1) the formation and operation of the conspiracy; (2) damage resulting to the Plaintiff; and (3) something done in furtherance of the common design that results in an act which is itself a tort. *Thompson v. California Fair Plan Assoc.,* 221 Cal.App.3d 760, 766, 270 Cal.Rptr. 590, 593 (Cal.Ct.App.1990). Thus, civil conspiracy is not a tort, but a theory of joint liability under which all who cooperate in another's wrong may be held liable. *Id.*

The Court believes that Defendant Kent has not shown that there is no possibility that Plaintiff has stated a cause of action under this test. Plaintiff's Original Complaint, which was the operative pleading at the time this case was removed to this Court, states the charge of conspiracy as follows:

There was an agreement and/or understanding between Defendants Caudill, Jones, Caudill and Associates, Kent, and Show–Me to inflict a wrong against Plaintiff. The Defendants had a meeting of the minds on the object or course of action as well as mutual mental action, coupled with an intent to commit the act which resulted in injury to Plaintiff. There was a preconceived plan to defraud Plaintiff by misrepresenting the involvement of Defendants

1. In deciding this issue, the Court is aware that Defendant Kent has attached an affidavit to its Motion to Dismiss for failure to state a cause of action. (See Instrument # 6). If the Court were determining the merits of the Motion to Dismiss, then taking the affidavit into account would turn that Motion into a Motion for Summary Judgment; as the language of Fed.R.Civ.P. 12 makes clear, a Motion to Dismiss under Rule 12(b)(6) is converted into a Motion for Summary Judgment if evidence outside the pleadings is considered by the Court. *Exxon Corp. v. Maryland Casualty Co.,* 599 F.2d 659, 661 (5th Cir.1979); *Porter v. Shearson Lehman Brothers, Inc.,* 802 F.Supp. 41, 51 (S.D.Tex.1992). Whether or not to accept an affidavit attached to a Motion to Dismiss is entirely within the discretion of the trial Court, and Courts will often decide to accept or decline such extra-pleading materials based on the amount of discovery already undertaken in a case. *Porter,* 802 F.Supp. at 51.

Were the Court to decide the merits of Defendant Kent's Motion to Dismiss, it would not accept Kent's supporting affidavit. The parties in this case have not even appeared before this Court for a Rule 16 scheduling conference, and in the absence of clearly determined guidelines and timetables set by this Court for discovery procedures, Kent may not convert its Motion to Dismiss into a Motion for Summary Judgment.

Moreover, Kent's attached affidavit has no determinative effect on the question of whether this Court has jurisdiction over the case. Although Defendant's affidavit states that Kent never communicated with Show–Me Products concerning the Cobra Swords product—and was consequently *not* involved in a conspiracy against Plaintiff—this has no relevance to the allegation that Show–Me Products engaged in civil conspiracy with the remaining Defendants. Thus, the Court will not consider the affidavit attached to Instrument # 6 in determining whether or not Plaintiff has stated a possible cause of action against non-diverse Defendant Show–Me Products.

Caudill, Jones and Caudill and Associates with other Defendants, [sic] Kent and Show–Me; the plan was to induce Plaintiff to enter into a business relationship with Caudill, Jones and Caudill and Associates which would then lead to the production of an unsuccessful infomercial. The mutual design and purpose of Defendants' plan was to bring harm to Plaintiff by producing an unsuccessful "Cobra Swords" infomercial which would then help a competing product, the "Miracle Blade," a product in which all of the Defendants shared an interest.

First, it is self-evident that Plaintiff has alleged the formation of a conspiracy, for it has clearly alleged that a meeting of the minds occurred with the specific intent to commit an underlying wrong against the Plaintiff. Second, Plaintiff has also alleged the underlying torts of fraud and misrepresentation as direct results of the alleged conspiracy. Defendants' reliance on *General American Life Insurance Co. v. Rana,* 769 F.Supp. 1121 (N.D.Cal.1991) as authority for its position is misplaced in this regard. (See Defendant's Motion to Dismiss, Instrument # 15, at 5–6). Although *Rana* held that a bare allegation of conspiracy was insufficient to state a cause of action for civil conspiracy, as Defendant claims, the *specific* defect present in the *Rana* pleadings was that the party did not "assert which other tort or wrong was committed through the conspiracy." *Id.* at 1125. In this case, however, Plaintiff's pleadings give notice to Defendants that the conspiracy was designed to commit fraud by misrepresenting Defendants' involvement with the various products being marketed by inducing Plaintiff to enter a business relationship whose specific aim was the production of infomercials.

Finally, Defendant Kent does not even argue that Plaintiff has failed to assert that it has been damaged as a result of the alleged conspiracy and its underlying tortious acts. This Court will not make arguments for the Defendant that it has failed to make itself. Plaintiff states that the purpose of the alleged conspiracy was to deprive it of a successful infomercial, thereby impairing Plaintiff's potential profits from the marketing of Cobra Swords. In addition, Plaintiff also claims that as a result of the alleged conspiracy, it lost all of the money which it originally invested in the Cobra Swords infomercial. (See Plaintiff's Original Complaint, Instrument # 1, at 9).

Needless to say, the Court does not speculate in this matter as to whether or not Plaintiff will actually—or even probably—be able to demonstrate any of the three elements of a civil conspiracy against the Defendants. *Dodson,* 951 F.2d at 42. That, however, is not the inquiry at hand. The Court merely finds that under the applicable California law, it is not *impossible* that Plaintiff's conspiracy claim against Show–Me Products can be substantiated. This is especially true given the mandate on this Court to resolve any uncertainty as to the underlying law in the Plaintiff's favor. *East Texas Mack Sales,* 819 F.2d at 119. Even if the Court were to hold that Plaintiff's pleadings present a questionable cause of action under California law, the mere ambiguity the Court would then find would preclude the absolute impossibility of a valid claim. *See LeJeune,* 950 F.2d at 271 (stating that in determining whether the joinder of a non-diverse Defendant is fraudulent, the Court must determine whether there is "any possibility" of recovery against that party.).

Thus, having decided that the joinder of Show–Me Products was not fraudulent, this Court has neither subject matter jurisdiction nor diversity jurisdiction over this suit, and the removal of the above-captioned action to this Court under 28 U.S.C. § 1441(a) was improper because this case could not have originally been brought in this Court. Lacking any jurisdiction, therefore, the Court must remand the instant case to the state court in which it originated. *Brown,* 813 F.Supp. at 522. The Defendants' Motions to Dismiss are therefore rendered **MOOT,** and this case is **REMANDED** to the 10th Judicial Court of Galveston County, Texas. It is further **ORDERED** that the parties file no further pleadings in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the courts of the State of Texas, as may be

appropriate in due course.[2] Any relief not specifically granted herein is **DENIED.**

**IT IS SO ORDERED.**

**2.** *See* 28 U.S.C. § 1447(d) (denying appellate review of an order to remand based on lack of subject matter jurisdiction).